UNITED STATES COURT OF APPEALS
TENTH CIRCUIT

**Filed 10/8/96**

---

ANTHONY LEDING,

      Plaintiff - Appellant,

    v.

THE STATE OF OKLAHOMA; TED
KNIGHT, Associate District Judge of
Leflore County, Oklahoma; JEFFREY
C. SMITH, Assistant District Attorney
of Leflore County, Oklahoma; DON
SULLIVAN, Attorney; CARL
ALBERT COMMUNITY MENTAL
HEALTH CENTER; ERIC
BROADWAY, Physician of
Psychiatry; DENNIS CARTER,
Physician; MARLENE COOPER,
Director of Social Services;
EASTERN OKLAHOMA MEDICAL
CENTER,

      Defendants - Appellees.

No. 96-7028
(D. Ct. No. CV-95-427)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

The allegations that form the basis for these proceedings relate generally to actions taken by various officials of the state of Oklahoma, attorneys, and mental health professionals who are allegedly involved in the proceedings instituted under Oklahoma law to commit plaintiff to a mental institution. On October 1, 1994, Judge Ted Knight of Leflore County, Oklahoma, ordered plaintiff admitted to a mental health facility after a jury finding that plaintiff was mentally ill and in need of care. In this action, plaintiff alleges that he has been performing duties as the President of Presidents of the United Nations and that he is therefore immune from any judicial proceedings under 22 U.S.C. § 288(a). He brought this action in the district court alleging a deprivation of his rights, privileges, and immunities under 42 U.S.C. § 1985. Construing plaintiff's complaint liberally, the district court also analyzed plaintiff's allegations of constitutional deprivations under 42 U.S.C. § 1983. In his notice of appeal and briefs to this court, plaintiff repeats most of the arguments made to the district court regarding his immunity from judicial process and adds numerous bases upon which he claims that he is immune. Plaintiff further has filed a motion for change of venue in this court alleging that this court and the other courts that have addressed his case are

biased against him and should not be involved in the decision of this case.

We agree with the district court that construing most liberally all of the pleadings filed in the district court and in this court, plaintiff has failed to state a claim upon which relief can be granted. Further, many of the defendants in this action are immune from suit. Plaintiff has alleged no ground that makes a colorable claim of plaintiff's immunity. We therefore DENY the motion for change of venue and AFFIRM the order of the district court for substantially the reasons given by the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge